HOLLIDAY, Treasurer, etc., Appellant, *v.* SWEET GRASS COUNTY, Respondent.

[Submitted April 5, 1897. Decided April 12, 1897.]

*Constitution—Special Legislation—New Counties—Liability of.*

Constitution—*Special Legislation.*—Creating a new county by a special act is not forbidden by Section 26, Article 5 of the State Constitution, which provides that "The legislative assembly shall not pass local or special laws * * * regulating county or township affairs, etc."

New Counties—*Liability.*—Sweet Grass county was formed of territory formerly included in three other counties. The law creating the county provided that the county commissioners of Sweet Grass county should meet the commissioners of each of the other counties on certain specified and separate dates, to adjust the portion of the debt of each of the three counties which the new county was to assume; that, when each county debt should be adjusted, the Commissioners of Sweet Grass county should issue to each of the other counties, from time to time, a warrant or warrants therefor, payable to * * * the three counties respectively. Held, that the law contemplated the issuance of the warrant to each county on the date fixed for the adjustment of the portion of its debt to be assumed by Sweet Grass county.

Same.—Under section 3, article 16 of the constitution, providing that upon the establishment of a new county "it shall be held to pay its rateable proportion of all then existing liabilities of the * * * * counties from which it is formed," Sweet Grass county was liable for interest upon its portion of the debt of each county until it issued its warrant in payment for that portion.

*Appeal from District Court, Sweet Grass County. Frank Henry, Judge.*

Claim by S. L. Holliday, as treasurer of Park county, against Sweet Grass county. From a decision of the commis-

sioners of the latter county disallowing the claim, claimant appealed to the district court, where judgment was rendered in favor of Sweet Grass county. Claimant appeals. Reversed.

Statement of the case by the justice delivering the opinion.

On March 5, 1895, the act of the state legislature creating Sweet Grass county took effect. The new county was formed of territory previously included in the counties of Park, Yellowstone, and Meagher. Section 4 of this act was as follows: " * * * The county commissioners of Sweet Grass county shall meet with the county commissioners of each of said three first named counties respectively to adjust the respective debts upon the aforesaid basis at the following respective dates, to-wit: Of the county of Park, at Livingston, on the 11th day of March, 1895; of the county of Yellowstone, at Billings on the 18th day of March, 1895; and of the county of Meagher, on the 1st day of April, 1895. When each county debt shall be so as aforesaid adjusted, it is hereby made the duty of the county commissioners of Sweet Grass county to cause to be issued to the county commissioners of each of the said three first named counties respectively, from time to time, a warrant or warrants therefor, payable to the board of county commissioners of each of said three first named counties respectively, each warrant equaling in the aggregate the proportion of each respective net debt, for which said county of Sweet Grass shall be liable under such adjudment, which said warrants respectively, if not paid on presentation to the treasurer of said county of Sweet Grass, shall be by him endorsed 'Not paid for want of funds,' and from the date of such endorsement bear interest as other county warrants." On March 11, 1895, the boards of county commissioners of Park and Sweet Grass counties duly convened for the adjustment of the indebtedness, as provided for in said section 4, above quoted. Park county on said date had a bonded indebtedness of $200,000, the bonds drawing interest at the rate of 7 per cent. per annum. Of this bonded indebtedness, under the adjustment, the sum of $42,774.90 was apportioned to Sweet

Grass county as its share on March 12, 1895. The first regular meeting of the board of county commissioners of Sweet Grass county was held, under the general law of the state (§ 756, div. 5, Comp. St. 1887) regulating the meetings of boards of county commissioners, on June 7, 1895, and a warrant was duly drawn in favor of Park county for the sum of $42,774.90, and paid. On August 30, 1895, a claim and demand was duly filed by Park county against Sweet Grass county for the sum of $1,009.96, for interest due on the last-named county's proportion of the bonded indebtedness of Park county from March 12, 1895, to June 7, 1895. At their next regular meeting, on December 4, 1895, the commissioners of Sweet Grass county disallowed said claim for interest. An appeal was taken to the district court. The case was tried on an agreed statement of facts, and judgment rendered in favor of Sweet Grass county. The appeal to this court is from the judgment.

*W. H. Poorman,* for Appellant.

*Sidney Fox,* for Respondent.

Buck, J.—Respondent claims that section 4 of the act creating Sweet Grass county did not contemplate the issuance of the warrant at the meeting held for adjustment of the indebtedness of Park and Sweet Grass counties; and, further, that, if it did, it was in violation of section 26, article 5, of the state constitution, forbidding special legislation. Said section of the constitution provides: "The legislative assembly shall not pass local or special laws in any of the following enumerated cases, that is to say * * * regulating county or township affairs; * * * creating offices or prescribing the powers or duties of officers in counties, cities, township or school districts. * * * In all other cases where a general law can be made applicable, no special law shall be enacted." Creating a new county by a special act is not forbidden by the state constitution, and matters necessarily incidental to the creation of a new county, which are provided for in the act

creating it, solely for the purpose of organizing the new county, and setting it in motion as one of the governmental subdivisions of the state, do not come within either the letter or the spirit of the inhibitions of section 26, article 5, of the constitution. In our opinion, section 4 of the act creating Sweet Grass county contemplated the issuance of the warrant to Park county at the adjustment meeting on March 12, 1895. The language applicable to the issuance of the warrants "from time to time" is fairly susceptible of this interpretation, when considered in connection with the three specific dates previously provided therein for the adjustment of the several county debts for which Sweet Grass county was proportionately liable.

Even, however, if said section did not contemplate this, and the warrant from Sweet Grass to Park county could not have been legally issued at the March adjustment meeting, and was therefore properly issued at the regular June meeting held under section 756, div. 5, Comp. St. 1887, we fail to see how Sweet Grass county, by reason thereof, should be relieved from the liability to pay interest on its ascertained proportion of the bonded indebtedness of Park county from March 12th to June 7th. Section 3, article 16, of the state constitution, is as follows: "In all cases of the establishment of a new county it shall be held to pay its rateable proportion of all then existing liabilities of the county or counties from which it is formed, less the rateable proportion of the value of the county buildings and property of the county or counties from which it is formed: provided, that nothing in this section shall prevent the readjustment of county lines between existing counties." It is clear in its terms. At the time of the adjustment of Sweet Grass county's proportionate share of the bonded indebtedness of Park county, on March 12, 1895, the bonds representing this indebtedness were existing liabilities, drawing a definite, fixed rate of interest. There was no necessity for adjusting Sweet Grass county's proportionate share of the interest to accrue on these bonds up to the time when it should issue a warrant in payment of its liability on account

of them, and stop the interest thereon so far as it was concerned.  Even then, if the warrant for its share of these bonds should not have been issued until the June meeting, it would be most unjust to hold that Sweet Grass county could use money it owed from March 12th to June 7th, and compel Park county to pay the interest which it thereby saved.  Section 3, article 16, of the constitution, forbids this unequivocally, in our opinion, and the legislature never contemplated what respondent contends for when it passed the act creating Sweet Grass county.  Said section expressly declares that a new county shall pay its rateable proportion of all the old county's liabilities.  This disposes of respondent's further contention that, if the county commissioners of Sweet Grass county should have drawn the warrant at the March meeting, then they, and not the county they represented, are liable for the neglect.  Sweet Grass county has had the benefit of the interest it refuses to pay, and not its officers.  The judgment is reversed and the cause remanded, with directions to the district court to enter judgment in favor of appellant.

*Reversed and Remanded.*

PEMBERTON, C. J., and HUNT, J., concur.

